STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          Docket No. CV-01-156

DONALD L. GARBRECHT
LAW LIBRARY

MAR 11 2003

ROBERT HIGGINS,                )
            Plaintiff,         )
                              )
                              )
                              )
        v.                    )        **DECISION AND JUDGMENT**
                              )
                              )        FILED & ENTERED
                              )        SUPERIOR COURT
KENNETH D. JORDAN, INC.,       )        FEB 27 2003
        Defendant.            )        PENOBSCOT COUNTY

                    Findings  of  Fact

    In late 1999, Plaintiff acquired a log cabin style structure in Brewer, Maine, from a Pizza Hut franchisee. He acquired it for nominal consideration conditioned upon his removal of the structure by late December, 1999. Plaintiff contracted with Defendant for removal and relocation of the structure to a nearby parcel of property on the Greenpoint Road. The parties agreed that the total cost of Defendant's services would be $18,000 - an initial payment of $9,000 would be tendered before work began and the final $9,000 after completion of the project. The first payment has been made; the second has not. At no time did Defendant represent that no damage would occur to the building during moving. On the contrary, some degree of structural damage is almost inevitable depending upon the construction details of the building being moved.

    Kenneth Jordan is an experienced and capable structure mover. He is the principal employee and owner of Kenneth D. Jordan, Inc. He offered a written proposal/ contract to Plaintiff for this project, but Plaintiff declined.

    Higgins and Jordan inspected the site in December and work began shortly thereafter. Nothing unusual occurred until the parties learned, for the first time, that the so called "fill-in area" had been bolted to the foundation despite the fact that the remainder of the structure had not been so bolted. This discovery occurred during the lifting process and may have resulted in damage to the structure.

At a later point during the moving process, Defendant encountered a terrain condition (a dip or hump in the vicinity of a puddle) which caused the building to deflect. The support steel deflected approximately six inches, but the building deflected only three inches or so. Defendant inflated an airbag between the steel and structure to compensate for the differential. After reconsideration of the situation, and anticipating a difficult ninety degree turn, the Defendant suspended the moving process until he acquired some dolly casters to facilitate the turn. Thereafter, the moving process was completed and the building was placed in a temporary position on the Plaintiff's property on the Green Point Road. In late spring, the building was set upon a foundation which the Plaintiff had constructed.

Plaintiff's Complaint asserts that the building suffered damage in the move and claims that such damage was the result of Defendant's negligence or failure to perform the contract in a workmanlike manner. Defendant has counterclaimed for the unpaid $9,000.

Plaintiff bears the burden of proving by a preponderance of the evidence that the Defendant was negligent or failed to perform the contract in a workmanlike manner. He has the further burden of proving the existence of damage to the building and establishing a causal connection between the actions of the Defendant and resulting damage to the building. Finally, he bears the burden of proving damages.

In this matter, the court cannot find that it is more likely than not that the damage noted by the Plaintiff was caused by the move.[1] Interestingly, a structure in Ellsworth which was constructed to identical specifications at the same approximate time as the Brewer structure had many similar defects. Further, both parties admit their pre-move inspections were not conducted with an eye for detail. Many of the conditions may have been present prior to the move.

Of greater importance is the fact that the court cannot find that Defendant committed a deviation from the standard of care that a reasonably prudent structure mover would exercise in like conditions.

---

1 - Plaintiff claims the following damage to the building: cracking and checking of the logs and structural members, cracking and damage to the roof and shingles and roof vent, damage to the fill-in area, and damage to caulking.

The provider of such services is not a guarantor of structural integrity. Rather, he must exercise due care to avoid damage. The mere fact of damage resulting from a move does not establish negligence or lack of workmanlike care.[2]

## Decision and Judgment

Upon the foregoing findings, Judgment is rendered in favor of the Defendant on the Plaintiff's Complaint; Judgment is rendered in favor of the Defendant on the Counterclaim in the amount of $9,000. Defendant is awarded its costs.

**The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).**

Dated: February 27, 2003

_____
JUSTICE, SUPERIOR COURT
Andrew M. Mead

---

2 - As noted above, the court does not find that the Plaintiff has sustained his burden of demonstrating a causal connection between the move and the conditions observed thereafter.

ROBERT HIGGINS  - PLAINTIFF

Attorney for: ROBERT HIGGINS
EDWARD W GOULD
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


vs
KENNETH D JORDAN INC - DEFENDANT

Attorney for: KENNETH D JORDAN INC
JOHN WOODCOCK
WEATHERBEE WOODCOCK ET AL
PO BOX 1127
BANGOR ME 04402-1127

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2001-00156


DOCKET RECORD

Filing Document: COMPLAINT               Minor Case Type: CONTRACT
Filing Date: 08/20/2001

## Docket Events:

05/09/2002 FILING DOCUMENT - COMPLAINT FILED ON 08/20/2001

         NOTE - PRIOR ENTRIES IN MANUAL DOCKET ENTERED ON 08/20/2001

05/09/2002 Party(s):  ROBERT HIGGINS
         ATTORNEY - RETAINED ENTERED ON 08/20/2001
         Plaintiff's Attorney: EDWARD W GOULD

05/09/2002 ATTORNEY - RETAINED ENTERED ON 10/05/2001

05/09/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/12/2001
         ANDREW M MEAD , JUSTICE

07/12/2002 Party(s):  ROBERT HIGGINS
         OTHER FILING - WITNESS LIST FILED ON 07/12/2002
         PLAINTIFF'S WITNESS LIST

07/12/2002 Party(s):  ROBERT HIGGINS
         OTHER FILING - EXHIBIT LIST FILED ON 07/12/2002
         PLAINTIFF'S EXHIBIT LIST

12/13/2002 TRIAL - BENCH SCHEDULED FOR 03/03/2003 @ 9:00
         ANDREW M MEAD , JUSTICE
         -6, 2003 AND AS BACK UP TO JURY TRIAL TERM: FEB 10-13; 24-27 AND MAR 17-20, 2003.
         AMENDED:  THE FOLLOWING DATES ARE ADDED, 3/10 - 13/03 AS JURY WAIVED BACKUP TO THE
         SPECIALLY ASSIGNED CRIMINAL MATTER FOR MARCH 10, 2003.  (1/17/03)

12/13/2002 TRIAL - BENCH NOTICE SENT ON 12/13/2002

12/20/2002 ORDER - FINAL PRETRIAL ORDER ENTERED ON 12/13/2002
         ANDREW M MEAD , JUSTICE
         THE ENTRY WILL BE:  RULE 16(B) PRETRIAL ORDER ENTERED.  COPY FORWARDED TO ALL ATTORNEYS OF